Endurance Am. Ins. Co. v Rockwood Holdings, Inc. (2022 NY Slip Op 06163)

Endurance Am. Ins. Co. v Rockwood Holdings, Inc.

2022 NY Slip Op 06163

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 650041/22 Appeal No. 16616 Case No. 2022-00812 

[*1]Endurance American Insurance Company, Plaintiff-Respondent,
v
Rockwood Holdings, Inc., et al., Defendants-Appellants.

Morgan, Lewis & Bockius LLP, New York (Brian A. Herman of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Stephen J. Barrett of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about February 17, 2022, which granted plaintiff's motion for a preliminary injunction staying arbitration and denied defendants' motion to compel arbitration, unanimously affirmed, with costs.
Plaintiff excess insurer sought a stay of an arbitration demanded by defendants to determine plaintiff's obligation to pay litigation costs they incurred in an arbitration brought against them by a nonparty in connection with a corporate acquisition. That prior arbitration ended with a finding that defendants had committed fraud in connection with that transaction. Defendants then settled the dispute before the award could be confirmed. Following issuance of the arbitration award, plaintiff disclaimed all obligation to provide coverage, including defense costs, based on the policy's fraud exclusion, which provides that the insurer is not liable for loss related to a securities claim arising from defendants' fraud, "if a final, non-appealable adjudication in any underlying proceeding establishes such a deliberately fraudulent act or omission."
The parties' coverage dispute does not fall within the narrow arbitration clause of the policy, which provides for arbitration of disputes over the allocation of defense costs (see Gerling Global Reins. Corp. v Home Ins. Co., 302 AD2d 118, 126 [1st Dept 2002], lv denied 99 NY2d 511 [2003]). Plaintiff claims that defendants' liabilities have been finally adjudicated by an arbitration award, which renders the entire loss noncovered, and that it is not bound by defendants' settlement of the arbitrated dispute without its consent. Since plaintiff contends that it is not required to pay for any defense costs because all liabilities are excluded from coverage under the fraud exclusion of the policy, there is no issue of allocation (see Federal Ins. Co. v Kozlowski, 18 AD3d 33, 41-42 [1st Dept 2005]; see also PowerSports, Inc. v Royal & Sunalliance Ins. Co., 307 F Supp 2d 1355, 1362 [SD Fla 2004] ["Allocation clauses only become relevant in the event that a loss involves both covered and uncovered claims"], affd 128 Fed Appx 95 [11th Cir 2005]), and thus no issue subject to arbitration under the narrow arbitration clause of the insurance policy. At this juncture, the parties' dispute is not an allocation dispute concerning the insurer's obligation to advance defense costs allocated to a covered claim, but a coverage dispute concerning whether the arbitration award is a final adjudication that triggers the fraud and contract exclusions of the policy (see Kozlowski, 18 AD3d at 41-42).
Defendants' argument that plaintiff conceded its obligation to advance defense costs on a current basis by previously allocating approximately $82,000 is unavailing. Defendants have acknowledged that the sole reason plaintiff provided those defense costs was to have the arbitration order issued so that it could determine whether an exclusion applied. Thus, plaintiff's [*2]payment of the fee for the arbitration award does not give rise to an allocation question.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022